IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUDY MENDOZA, | ) | |
| Petitioner, | ) | Civil Action No. 2:15-191 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BRIAN H. THOMPSON, et al., | ) | |
| Respondents. | ) | |

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Rudy Mendoza ("Mendoza"), pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is dismissed for lack of jurisdiction and a certificate of appealability is denied.

### I.

**A. The Petition Is An Unauthorized Second or Successive Petition**

Mendoza is a state prisoner currently incarcerated at the State Correctional Institution Mercer. He is serving a judgment of sentence of 10-20 years' imprisonment, which was imposed upon him by the Court of Common Pleas of Westmoreland County at Criminal Docket No. CP-65-CR-5026-2005 on November 8, 2006.

In 2012, Mendoza filed his first petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 in which he challenged his judgment of sentence imposed by the Court of Common Pleas of Westmoreland County at Criminal Docket No. CP-65-CR-5026-2005. That petition was docketed in this Court as Civil Action Number 1:12-cv-59. Mendoza claimed that his sentence is excessive because it exceeds the recommended range set forth by Pennsylvania's Sentencing Guidelines.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

As a result, he argued, his sentence "lacked finality" and did not authorize his detention. In addition, he argued that his sentence violated the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000). Mendoza also claimed that when he was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011, his underlying sentence was "cancelled/terminated."[2] As relief, Mendoza sought, *inter alia*, an order from this Court directing that he be released from custody.

On October 14, 2012, this Court issued an Order in which it dismissed Mendoza's claims for habeas relief.[3] [ECF No. 35 in 1:12-cv-59]. The United States Court of Appeals for the Third Circuit denied a certificate of appealability on March 6, 2013, explaining:

> Appellant's claim that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), is meritless because each of his sentences is well under the statutory maximums for the crimes he committed and because nothing in the record suggests that the sentencing judge engaged in any fact-finding that increased Appellant's sentence.

---

[2]  Mendoza was one of those state prisoners who was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011. Such transfers were effectuated to alleviate overcrowding in Pennsylvania's correctional facilities. See, e.g., Maines v. Rendell, No. 11-70, 2011 WL 6153093, *1 (W.D. Pa. Dec. 9, 2011).

[3]  Mendoza expressly stated in the petition that it was being brought pursuant to 28 U.S.C. § 2254. [ECF No. 6 at 7 in 1:12-cv-59]. Therefore, no notice pursuant to United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999) was given before the Court dismissed the petition because none was required. Miller, and the subsequent case of Mason v. Myers, 208 F.3d 414 (3d Cir. 2000), required that district courts in the Third Circuit provide to prisoners certain notices regarding the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to their cases in two circumstances: (1) before re-characterizing a post-conviction pleading as either a motion to vacate under 28 U.S.C. § 2255 (in the case of federal prisoners) or a petition for a writ of habeas corpus under § 2254 (in the cases of state prisoners); or (2) prior to ruling on a § 2255 motion or § 2254 petition denominated as such when the petitioner is proceeding *pro se*. Mason, 208 F.3d at 418. The requirement that the notice be given in the second circumstance was abrogated by Pliler v. Ford, 542 U.S. 225 (2004), in which the Supreme Court held that there is no general requirement for a district court to provide information or legal advice to *pro se* litigants who seek post-conviction relief, save for the situation (presented in Castro v. United States, 540 U.S. 375, 383-84 (2003)) where the district court itself chooses to recharacterize the litigant's motion. See also Mala v. Crown Bay Marina, 704 F.3d 239 (3d Cir. 2013) (explaining that in Pliler v. Ford "the Court rejected the idea that district courts must provide a specific warning to *pro se* litigants in certain habeas cases…. The underlying principle is simple: when a court acts on its own in a way that significantly alters a *pro se* litigant's rights-- for example, by converting one type of motion into a different type of motion-- the court should inform the *pro se* party of the legal consequences. But as the Supreme Court made clear only a few months after Castro, notice is the exception. Nonassistance is the rule. See Pliler, 542 U.S. at 231, 233-34, 124 S.Ct. 2441.").

2

> Reasonable jurists would also not debate the District Court's determination that Appellant's claims that his sentence is excessive and that his transfer to a Michigan state prison is unconstitutional are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984). Furthermore, the District Court correctly determined that damages are not available in habeas. Preiser, 411 U.S. at 494.

Order in Mendoza v. District Attorney Erie County, et al., Court of Appeals Docket No. 12-4171 (3d Cir. Mar. 6, 2013).

AEDPA, as codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, 561 U.S. 320 (2010). See also United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014); In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

On or around September 2, 2014, Mendoza filed with the Third Circuit Court of Appeals an application for an order authorizing this Court to consider a second or successive § 2254 petition so that he could once again challenge the judgment of sentence issued by the Court of Common Pleas of Westmoreland County at Criminal Docket No. CP-65-CR-5026-2005. That case was docketed as In re: Rudy Mendoza, C.A. No. 14-3739.

3

On October 2, 2014, the Third Circuit Court of Appeals issued an order in which it denied Mendoza's application to file a second or successive petition, explaining:

> Petitioner's application pursuant to 28 U.S.C. § 2244 to file a second or successive petition for writ of habeas corpus under 28 U.S.C. § 2254 is denied. Petitioner has not established that his proposed habeas petition seeks to raise a new claim that relies on either: (1) a new rule of constitutional law that the United States Supreme Court has made retroactive to cases on collateral review, § 2244(b)(2)(A); or (2) newly discovered evidence that (i) "could not have been discovered previously through the exercise of due diligence," and (ii) "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense[s]." § 2244(b)(2)(B). To the extent that Petitioner asks us to direct the state court to rule on his state petition for habeas corpus, the request is denied. See White v. Ward, 145 F.3d 1139, 1139 (10th Cir. 1998). Petitioner's motion for appointment of counsel is also denied.

Order in In re: Rudy Mendoza, C.A. No. 14-3739 (3d Cir. Oct. 4, 2014) (bracketed text in original). Mendoza filed a motion to reconsider, which the court denied on October 24, 2014. Order in In re: Rudy Mendoza, C.A. No. 14-3739 (3d Cir. Oct. 24, 2014).

Despite the fact that the Third Circuit Court of Appeals denied his application to file a second or successive petition, Mendoza filed the pending petition with this Court in which he once again challenges the judgment of sentence issued by the Court of Common Pleas of Westmoreland County at Criminal Docket No. CP-65-CR-5026-2005. Because Third Circuit Court of Appeals denied him permission to file this second or successive petition, this Court lacks jurisdiction over it and it must be dismissed for that reason. Burton, 549 U.S. at 152-54.

**B.     Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial

4

showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition should be dismissed for lack of jurisdiction. Accordingly, a certificate of appealability is denied.

**II.**

For the reasons set forth above, the petitioner for a writ of habeas corpus is dismissed for lack of jurisdiction and a certificate of appealability is denied on all claims.

An appropriate Order follows.

Dated: July 18, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge